1  William M. Audet (CA State Bar #117456)
   waudet@audetlaw.com
2  Joshua C. Ezrin (CA State Bar #220157)
   jezrin@audetlaw.com
3  Mariana S. Cole (CA State Bar #269939)
   mcole@audetlaw.com
4  AUDET & PARTNERS, LLP
   221 Main Street, Suite 1460
5  San Francisco CA 94105
   Telephone: 415.568.2555
6  Facsimile: 415.568.2556

7  *Attorneys for Plaintiffs*

8

9                IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12  CRYSTAL ANTONELLI, ANNY CHI,        )
13  ALISHA ELAM, ANALYNN FORONDA,       )   COMPLAINT FOR DAMAGES
    and KAREN LOPEZ,                    )
14                                      )
         Plaintiffs,                    )
15                                      )   JURY TRIAL DEMANDED
    vs.                                 )
16                                      )
    FINISH LINE, INC. and DAVID MEYER,  )
17                                      )
         Defendants.                    )
18  _____)

19

20        Plaintiffs, CRYSTAL ANTONELLI, ANNY CHI, ALISHA ELAM, ANALYNN

21  FORONDA, and KAREN LOPEZ ("Plaintiffs"), file this complaint against Defendants FINISH

22  LINE, INC. and DAVID MEYER ("Defendants"), for injuries arising out of Defendants'

23  surreptitious recording of Plaintiffs in various states of undress while using the Finish Line

24  employee restroom and the general dressing room in Milpitas, California.

25                      **JURISDICTION AND VENUE**

26        1.    This Court has jurisdiction over this action under 28 U.S.C. § 1332, which

27  provides for original district court jurisdiction for diversity of citizenship and where the amount

28  in controversy exceeds $75,000.00. Furthermore, this Court has jurisdiction under 28 U.S.C. §

                                    1
                        COMPLAINT FOR DAMAGES

1367 to hear Plaintiffs' state law claims for violations of the California Constitution and California Civil Code § 1708.8, California Labor Code § 435(a), invasion of privacy, negligence, negligent supervision/retention, intentional infliction of emotional distress, and negligent infliction of emotional distress.

2.      Venue is proper in this district under 28 U.S.C. § 1391(a)(2) and (c) against all Defendants because (1) all events, injuries, occurrences and transactions relevant to the action occurred in the Finish Line retail store located in Milpitas, California, which is located in this district, and (2) all Plaintiffs, witnesses, and evidence relevant to this action are located in this district.[1]

## PARTIES

3.      Plaintiff Crystal Antonelli is an adult individual who resides at 444 Heath Street, Milpitas, CA 95035, and is a citizen of the State of California. Ms. Antonelli was a sales associate at the Finish Line retail store in Milpitas, California, from approximately November 2009 to July 2010, and was surreptitiously recorded by Defendants with a concealed video device in various states of undress while in the employee restroom. Ms. Antonelli was approximately 17 years old and thus considered a minor at the time the illegal recordings were made.

4.      Plaintiff Anny Chi is an adult individual who resides at 2460 Kenoga Drive, San Jose, CA 95121, and is a citizen of the State of California. Ms. Chi was a sales associate at the Finish Line retail store in Milpitas, California, from approximately April 2005 to July 2010, and was surreptitiously recorded by Defendants with a concealed video device in various states of undress while in the employee restroom. Ms. Chi was approximately 21 years old at the time the illegal recordings were made.

5.      Plaintiff Alisha Elam is an adult individual who resides at 2102 Galveston Avenue, San Jose, CA, 95121, and is a citizen of the State of California. Ms. Elam was employed as a sales associate at the Finish Line retail store in Milpitas, California, from

---

[1] See *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) (finding that venue was proper where the harms suffered by the plaintiff occurred).

1  approximately January 2008 to April 2011, and was surreptitiously recorded by Defendants with

2  a concealed video device in various states of undress while in the general dressing room. Ms.

3  Elam was approximately 19 years old at the time the illegal recordings were made.

4     6.    Plaintiff Analynn Foronda is an adult individual who resides at 623 Singley

5  Drive, Milpitas, CA 95035, and is a citizen of the State of California. Ms. Foronda was

6  employed as a sales associate at the Finish Line retail store in Milpitas, California, from

7  approximately June 2005 to May 2010, and was surreptitiously recorded by Defendants with a

8  concealed video device in various states of undress while in the employee restroom. Ms. Foronda

9  was approximately 21 years old at the time the illegal recordings were made.

10    7.    Plaintiff Karen Lopez, is an adult individual who resides at 2630 Sierra Vista Ct.,

11  San Jose, CA 95116, and is a citizen of the State of California. Ms. Lopez was a sales associate

12  at the Finish Line retail store in Milpitas, California, beginning in approximately November

13  2007, and is currently an assistant manager at the same store. Ms. Lopez was surreptitiously

14  recorded by Defendants with a concealed video device in various states of undress while in the

15  employee restroom. Ms. Lopez was approximately 18 years old at the time the illegal recordings

16  were made.

17    8.    Defendant Finish Line is a Delaware corporation with its principal place of

18  business in Indianapolis, Indiana. Finish Line is a premium retailer of athletic shoes, apparel,

19  and accessories. Currently, Finish Line owns and operates 660 stores in malls across the United

20  States, including 44 stores throughout the state of California.

21    9.    Defendant David Meyer is an adult individual whose last known address was 234

22  Escuela Avenue, Mountain View, CA 94040. Defendant Meyer was the store manager at the

23  Finish Line Store in Milpitas, California from approximately 2006 to 2010. Mr. Meyer also

24  worked as a store manager at the Oakridge and Eastridge Finish Line mall locations in San Jose,

25  California, along with working at Finish Line stores in the state of Indiana. At all times relevant,

26  Defendant Meyer was the manager and direct supervisor of Plaintiffs at the Finish Line store in

27  Milpitas, California. Mr. Meyer was responsible for training, supervising, hiring/firing

28  employees, creating the weekly schedule, promoting merchandise, and other managerial duties.

1    Upon information and belief, Mr. Meyer fled the State of California when the video recordings

2    were discovered, and is currently residing in Indianapolis, Indiana.

3                                    **FACTUAL ALLEGATIONS**

4           10.     Plaintiffs, at all times relevant to this action, worked as sales associates for

5    Defendant Finish Line, located in the Great Mall of the Bay Area in Milpitas, California.

6           11.     Plaintiffs, at all times relevant to this action, were managed and supervised by

7    Defendant Meyer at the aforementioned Finish Line retail store located in Milpitas, California.

8           12.     On multiple occasions, between approximately December 2009 and April 2010,

9    during regular business hours and while acting within the scope of his employment, Defendant

10   Meyer secretly placed a concealed video camera in the employee restroom and the general

11   dressing room used by both employees and customers at the Finish Line store in Milpitas,

12   California.

13          13.     The videos recorded on the hidden camera were discovered on Defendant

14   Meyer's personal computer on or around March 16, 2011.

15          14.     In the videos, Defendant Meyer is clearly shown adjusting the camera while

16   wearing his Finish Line Employee T-Shirt (see "Exhibit A" and "Exhibit B"). Defendant

17   Meyer's voice is also audible during some of the videos.

18          15.     The hidden video camera device was concealed in the employee restroom

19   opposite the toilet and was positioned on each occasion so that one's full genitalia would be

20   exposed head-on in the face of the camera when standing upright, facing the restroom door.

21          16.     The hidden video camera was also concealed in the general dressing rooms used

22   by employees and customers and was positioned by the mirror, straight across from the bench

23   where employees and customers changed their clothes.

24          17.     The videos captured by the hidden camera show Plaintiffs using the toilet in

25   various states of undress, and in the case of one Plaintiff, inserting a tampon. The videos also

26   show Plaintiffs in various states of undress while using the general dressing room.

27

28

18.     As a result of the secretly recorded videos, Plaintiffs each suffered and continue to suffer anxiety, insomnia, depression, paranoia, a fear of using public restrooms and dressing rooms, and other related physical and emotional injuries.

19.     Plaintiffs have at all times relevant to this action conducted themselves in a manner consistent with having a reasonable expectation of privacy in the employee restroom and the general dressing room. Plaintiffs at no time were informed that they would be subject to video monitoring, and never consented to such conduct or otherwise waived their expectation of privacy.

20.     Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Plaintiffs seek to serve as a representatives of the general public to enforce and uphold California's Labor Code § 435(a). Plaintiffs Antonelli, Chi, Foronda, and Lopez have complied with all notice provisions under the PAGA. On May 31, 2011, Plaintiffs Antonelli, Chi, Foronda, and Lopez provided written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA"). Plaintiffs have waited in excess of thirty-three (33) days for the LWDA to intervene in accordance with California Labor Code § 2699.3(c). The LWDA did not investigate Plaintiffs' claims and accordingly, Plaintiffs file this Complaint for violations of California Labor Code § 435(a). A true and correct copy of Plaintiffs' certified letter is attached hereto as "Exhibit C."

21.     Pursuant to the PAGA, Plaintiff Elam also seeks to bring suit under California Labor Code § 435(a). Plaintiff Elam has complied with all notice provisions under the PAGA. On July 28, 2011, Plaintiff Elam provided written notice by certified mail to the LWDA. Plaintiff is currently waiting the stipulated thirty-three (33) days for the LWDA to intervene in accordance with California Labor Code § 2699.3(c). A true and correct copy of Plaintiff's certified letter is attached hereto as "Exhibit D."

22.     On July 27, 2011, a pre-litigation mediation was held at the JAMS offices in San Francisco, California before the Honorable Ellen James at the request of Defendants. No resolution was reached during this mediation.

23.     Defendants established "The Finish Line, Inc. Employee Dispute Resolution Plan" (herein after referred to as the "Dispute Resolution Plan"). The aforementioned Dispute

5
COMPLAINT FOR DAMAGES

1   Resolution Plan requires that all disputes arising out of employment with Finish Line be resolved

2   through binding arbitration. The aforementioned plan is unlawful, unconscionable, and

3   unenforceable.

**VICARIOUS LIABILITY**

4

5       24.     Defendant Finish Line, through the actions of its agent Defendant Meyer, is liable

6   for any injury caused by the wrongful or negligent acts of Defendant Meyer that occurred within

7   the scope of Defendant Meyer's employment.

8       25.     Defendant Meyer as the store manager at the Finish Line store in Milpitas,

9   California was authorized to supervise and monitor Plaintiffs on a daily basis and according to

10  store policy, was in charge of unlocking the employee restroom to allow Plaintiffs to use the

11  restroom. Defendant Meyer was also in charge of unlocking the general dressing room for

12  employees and customers.

13      26.     At all times relevant, Defendant Meyer was videotaping and/or recording

14  Plaintiffs during store hours in the employee restroom and the general dressing room. Defendant

15  Meyer was videotaping and/or recording while also performing his managerial duties and thus,

16  his actions fall within the scope of his employment.[2]

**FIRST CAUSE OF ACTION**
**[California Constitution Art. I. § 1 Against All Defendants]**

17

18

19      27.     Plaintiffs hereby incorporate by reference all previous paragraphs of this

20  Complaint as if fully set forth herein and further allege as follows:

21      28.     Article I, Section One of the California Constitution provides that all people

22  possess an inalienable right to privacy.

23

24

25

26  _____
    [2] For purposes of determining whether an act was committed in the scope of employment, "[T]he
27  proper inquiry is not 'whether the wrongful act itself was authorized but whether it was
    committed in the course of a series of acts of the agent which were authorized by the principal."
28  *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 970, 227 Cal. Rptr. 106, 719 P.2d 676
    quoting *Andrews v. Seidner* (1942) 49 Cal. App.2d 427, 430 [121 P.2d 863].

29.     Defendants utilized hidden, disguised, and/or concealed video imaging devices to watch and record Plaintiffs engaging in personal and private activities in various states of undress in the employee restroom and the general dressing room.

30.     Plaintiffs received no notice or warning that their images would be recorded and/or viewed while using the employee restroom and the general dressing room.

31.     Plaintiffs did not give their consent to be videotaped and/or recorded while using the employee restroom and the general dressing room.

32.     The conduct of Defendants is not only despicable, but also constitutes an egregious breach of societal norms and a serious invasion of privacy in a manner highly offensive to a reasonable person.

33.     As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiffs have each sustained emotional, physical, economic and other damages.

## SECOND CAUSE OF ACTION
### [California Civil Code § 1708.8 Against All Defendants]

34.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

35.     California Civil Code § 1708.8(b) provides that a person is liable for constructive invasion of privacy when they attempt to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a personal or familial activity under circumstances in which the plaintiff had a reasonable expectation of privacy, through the use of a visual or auditory enhancing device, regardless of whether there is a physical trespass, if this image, sound recording, or other physical impression could not have been achieved without a trespass unless the visual or auditory enhancing device was used.

36.     The acts of Defendants constitute an egregious, shocking, and immoral breach of Plaintiffs' reasonable expectation of privacy, through the use of a concealed visual and auditory enhancing device to surreptitiously capture Plaintiffs in various states of undress while using the employee restroom and the general dressing room.

37.     As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiffs have each sustained emotional, physical, economic and other damages.

38.     Additionally, pursuant to California Civil Code § 1708.8(d), Plaintiffs are entitled to statutory relief from Defendants up to three times the amount of any general and special damages that are proximately caused by the violation of this section.

### THIRD CAUSE OF ACTION
### [California Labor Code § 435(a) Against all Defendants]

39.     Plaintiffs Antonelli, Chi, Foronda and Lopez[3] hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

40.     Plaintiffs Antonelli, Chi, Foronda, and Lopez are all aggrieved employees and as such, have standing to bring a claim for violations of California Labor Code § 435(a) under the PAGA.

41.     Plaintiffs satisfied all pre-requisites under the PAGA to serve as representatives of the general public to enforce California's labor laws. The LWDA did not investigate Plaintiffs' claims set forth within the stipulated thirty-three (33) days.

42.     Defendants violated California Labor Code § 435(a) which provides that "[n]o employer may cause an audio or video recording to be made of an employee in a restroom, locker room, or room designated by an employer for changing clothes, unless authorized by court order."

43.     The acts of Defendants described herein, were unauthorized and constituted the video and audio recording of Plaintiffs in the employee restroom and the general dressing room – both places that are designated for changing clothes.

44.     Plaintiffs, as representatives of the general public, seek recovery for violations of California Labor Code § 435(a), with said recovery to be distributed in accordance with the PAGA.

---

[3] At this time, Plaintiff Elam is not included in this cause of action as the LWDA is still within the thirty-three (33) calendar days within which they can investigate her claim for violations of California Labor Code § 435(a).

**FOURTH CAUSE OF ACTION**
**[Common Law Invasion of Privacy – Tort of Intrusion – Against All Defendants]**

45.    Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

46.    The tort of invasion of privacy consists of the tort of intrusion upon seclusion which occurs by one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another in his or her private affairs and the intrusion is one that is considered highly offensive to a reasonable person.

47.    Plaintiffs had a reasonable expectation of privacy while using the employee restroom and the general dressing room. At all times relevant to this Complaint, Plaintiffs conducted themselves in a manner consistent with such actual expectation of privacy, and Plaintiffs did not consent to the Defendants' wrongful conduct.

48.    By engaging in the conduct alleged in this Complaint, the Defendants engaged in conduct constituting a serious invasion of Plaintiffs' solitude and seclusion in their private affairs in a manner that is considered highly offensive to a reasonable person.

49.    As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiffs have each sustained emotional, physical, economic and other damages.

**FIFTH CAUSE OF ACTION**
**[Negligence Against All Defendants]**

50.    Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

51.    Defendants owed a duty to Plaintiffs to maintain the employee restroom and general dressing room in a reasonably safe condition and to warn of and/or remove any potential dangers that were not known or obvious to Plaintiffs.

52.    Plaintiffs are informed and believe and on that basis allege that during all times relevant to the allegations of this complaint, Defendant Finish Line was negligent in monitoring the action of its managers at the Milpitas, California location.

53.    Defendants, and each of them, breached the duty owed to Plaintiffs by failing to warn Plaintiffs of and remove the hidden, disguised, and/or concealed video recording device

COMPLAINT FOR DAMAGES

1    that was placed in the employee restroom and the general dressing room in the Finish Line store

2    in Milpitas, California.

3      54.    As a direct and proximate result of the conduct of the Defendants, and each of

4    them, Plaintiffs have each sustained emotional, physical, economic and other damages.

5                             **SIXTH CAUSE OF ACTION**

6    **[Negligent Supervision/Negligent Retention Against Defendant Finish Line]**

7      55.    Plaintiffs hereby incorporate by reference all previous paragraphs of this

8    Complaint as if fully set forth herein and further allege as follows:

9      56.    A defendant employer is liable for negligent supervision and/or retention if the

10    defendant knows or should have known of an employee's unfitness to work and fails to take

11    further action to investigate or discharge said employee.

12      57.    Defendant Finish Line is liable for the negligent supervision and/or retention of

13    Defendant Meyer who was the store manager at Defendant Finish Line's store in Milpitas,

14    California because Defendant Finish Line failed to adequately take any action to monitor

15    Defendant Meyer during the time he was employed.

16      58.    A proper monitoring of Defendant Meyer on the part of Defendant Finish Line

17    would have revealed that Defendant Meyer was fraternizing with Plaintiffs by engaging them in

18    discussions concerning their personal lives and their dating lives, calling, texting, and emailing

19    Plaintiffs outside of work, attempting to spend time with Plaintiffs after work hours in social

20    situations, and generally abusing his position of authority over these young girls by engaging in

21    unprofessional and inappropriate behavior.

22      59.    As a direct and proximate result of the conduct of the Defendants, and each of

23    them, Plaintiffs have each sustained emotional, physical, economic and other damages.

24                           **SEVENTH CAUSE OF ACTION**

25    **[Intentional Infliction of Emotional Distress Against All Defendants]**

26      60.    Plaintiffs hereby incorporate by reference all previous paragraphs of this

27    Complaint as if fully set forth herein and further allege as follows:

28

COMPLAINT FOR DAMAGES

61.     A claim for intentional infliction of emotional distress must show that the Defendant's conduct was outrageous and was done intentionally or with reckless disregard of the probability that plaintiff would suffer emotional distress. Plaintiff must have suffered emotional distress as a result of Defendant's conduct.

62.     Defendants intentionally, and with reckless disregard of the probability that Plaintiffs would suffer emotional distress, utilized hidden, disguised, and/or concealed video imaging devices to watch and/or record Plaintiffs, and each of them, in various states of undress while participating in personal and private activities in the employee restroom and general dressing room.[4]

63.     As a proximate result of the conduct of the Defendants, Plaintiffs have each sustained severe emotional distress, among other damages, for which they are seeking professional therapy which includes but is not limited to anxiety, insomnia, depression, paranoia, and fear of using public restrooms and dressing rooms.

## EIGHTH CAUSE OF ACTION
### [Negligent Infliction of Emotional Distress Against All Defendants]

64.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

65.     Negligent Infliction of Emotional Distress occurs when a defendant is negligent and this negligence is a substantial factor in causing Plaintiff to suffer serious emotional distress.

66.     Defendants actions in allowing the surreptitious videotaping and/or recording of Plaintiffs engaging in private activities in various states of undress while in the employee restroom and the general dressing constitutes negligence.

_____

[4] "[A]n employee's willful, malicious, and even criminal torts may fall within the scope of his employment for purposes of respondeat superior even though the employer has not authorized the employee to commit crimes or intentional torts. *Lisa M. v. Mayo Newhall Memorial Hospital* (1995)12 Cal.4th 291, 297 [48 Cal.Rptr.2d 410, 907 P.2d 358]. See also *Mary M. v. City of Los Angeles* (1991) 54 Cal 3d 202, 209 [285 Cal. Rptr. 99, 814 P.2d 1341]; *John R. v. Oakland Unified School Dist.* (1989) 48 Cal. 3d 438, 447 [256 Cal. Rptr. 766, 769 P.2d 948]; *Carr v. Wm. C. Crowell Co.* (1946) 28 Cal. 2d 652, 654 [171 P.2d 5].

67.     As a proximate result of the Defendants' negligent conduct, Plaintiffs have each sustained severe emotional injuries, among other damages, for which they are all seeking professional treatment included but not limited to anxiety, insomnia, depression, paranoia, and fear of using public restrooms and dressing rooms.

## NINTH CAUSE OF ACTION
### [Declaratory and Injunctive Relief Against Defendant Finish Line]

68.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

69.     Plaintiffs seek a declaration that the videotaping of employees and/or customers in a restroom or dressing room is unlawful.

70.     Plaintiffs further seek a permanent injunction against Defendant Meyer prohibiting him from disseminating video or related images of Plaintiffs taken with Defendant's concealed video camera.

71.     Plaintiffs also seek a permanent injunction against Defendant Finish Line requiring Defendant Finish Line to inspect each employee restroom and general dressing room for hidden video and/or recording devices.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.     For compensatory damages in a sum in excess of the jurisdictional minimum of this Court;

2.     For consequential damages in a sum in excess of the jurisdictional minimum of this Court;

3.     For general damages in a sum in excess of the jurisdictional minimum of this Court;

4.     For special damages in a sum in excess of the jurisdictional minimum of this Court;

5.     For punitive and exemplary damages under California Civil Code § 3294;

COMPLAINT FOR DAMAGES

1    6.    For interest on such damage, according to proof, at the maximum legal rate,

2  pursuant to California Civil Code §§ 3287, 3288, 3291;

3    7.    For the award of attorneys' fees under California Labor Code § 2699(g) and

4  California Civil Code § 1021.5;

5    8.    For penalties as provided under the PAGA Labor Code § 2698, and as provided

6  by Labor Code § 435(a);

7    9.    Declaratory and Injunctive relief; and

8    10.    Such further relief as this Court deems necessary, just, and proper.

9

10  Dated August 8, 2011                         AUDET & PARTNERS, LLP

11

12

13                                              Joshua C. Ezrin
                                                221 Main Street, Suite 1460
14                                              San Francisco, CA 94105
                                                Telephone: 415.568.2555
15                                              Facsimile: 415.568.2556
                                                jezrin@audetlaw.com
16                                              *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C

# Audet & Partners, LLP

Attorneys-at-Law

221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556
Toll Free: 800.965.1461
www.audetlaw.com

May 31, 2011

**VIA CERTIFIED MAIL**

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, California 95814

RE: Employees: CRYSTAL ANTONELLI
       ANNY CHI
       ANALYNN FORONDA
       KAREN LOPEZ

   Employer: FINISH LINE, INC.

Ladies and Gentlemen:

This letter is written pursuant to Labor Code § 2699.3(a)(1), which provides that "[a] civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

## STATEMENT OF FACTS

Former and current employees CRYSTAL ANTONELLI, ANNY CHI, ANALYNN FORONDA, and KAREN LOPEZ ("Employees"), at all times relevant, worked as sales associates for Employer Finish Line ("Finish Line") at a retail store located in the Great Mall of the Bay Area, 402 Great Mall Dr., Milpitas, CA 95035. Employees, at all times relevant, were managed and directly supervised by David Meyer at the aforementioned Finish Line retail store located in Milpitas, California.

On multiple occasions, between approximately December 2009 and April 2010, during regular business hours, Employer's agent David Meyer, the manager of the Finish Line retail store located in Milpitas, California, secretly placed a hidden

California Labor & Workforce Development Agency
May 31, 2011
Page 2

video camera in the employee restroom, causing each Employee to be surreptitiously recorded while engaged in inherently private acts in various states of undress.

## VIOLATION OF LABOR CODE § 435(a)

California Labor Code § 435(a) provides that "[n]o employer may cause an audio or video recording to be made of an employee in a restroom, locker room, or room designated by an employer for changing clothes, unless authorized by court order."

The acts of Employer described above, constituted the video recording of Employees in a restroom, in various states of undress and while using the toilet. The acts of Employer alleged herein breached Employees' statutory right to privacy, in violation of California Labor Code § 435(a).

Employees have been injured by violations of California Labor Code § 435(a) committed by Employer, as described herein, in that Employer's actions caused Employees to suffer anxiety, insomnia, depression, paranoia, a fear of using public restrooms, and other injuries.

## REQUESTED ACTION

Pursuant to Labor Code § 2699.3(A)(2), which provides that "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 269," notice of your intended action of inaction is respectfully requested.

Very truly yours,

Joshua C. Ezrin

California Labor & Workforce Development Agency
May 31, 2011
Page 3

cc:
(via Certified Mail)      Steven J. Schneider
                          President and Chief Operating Officer
                          Finish Line, Inc.
                          3308 North Mitthoeffer Road
                          Indianapolis, IN 46236

                          Finish Line, Inc.
                          c/o Corporation Service Company
                          2730 Gateway Oaks Dr., Ste. 100
                          Sacramento, CA 95833

(via email)               Crystal Antonelli
                          Anny Chi
                          Analynn Foronda
                          Karen Lopez

# EXHIBIT D

# Audet & Partners, LLP

### Attorneys-at-Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

July 28, 2011

**VIA CERTIFIED MAIL**
California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, California 95814

      RE:    Employee:    ALISHA ELAM

              Employer:    FINISH LINE, INC.

Ladies and Gentlemen:

This letter is written pursuant to Labor Code § 2699.3(a)(1), which provides that "[a] civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

## STATEMENT OF FACTS

Former employee ALISHA ELAM ("Employee"), at all times relevant, worked as a sales associate for Employer Finish Line ("Finish Line") at a retail store located in the Great Mall of the Bay Area, 402 Great Mall Dr., Milpitas, CA 95035. Employee, at all times relevant, were managed and directly supervised by store manager David Meyer at the aforementioned Finish Line retail store located in Milpitas, California.

On multiple occasions, between approximately December 2009 and April 2010, during regular business hours, the Store Manager of the Finish Line retail store located in Milpitas, California, secretly placed a hidden video camera in the employee restroom and customer change room, causing Employee, among others, to be surreptitiously recorded while engaged in inherently private acts in various states of undress.

California Labor & Workforce Development Agency
July 28, 2011
Page 2

## VIOLATION OF LABOR CODE § 435(a)

California Labor Code § 435(a) provides that "[n]o employer may cause an audio or video recording to be made of an employee in a restroom, locker room, or room designated by an employer for changing clothes, unless authorized by court order."

The acts of Employer described above, constituted the video recording of Employee, among other, in a restroom, in various states of undress and while using the toilet. The acts of Employer alleged herein breached Employee's statutory right to privacy, in violation of California Labor Code § 435(a).

Employee has been injured by violations of California Labor Code § 435(a) committed by Employer, as described herein, in that Employer's actions caused Employee to suffer and continue to suffer anxiety, insomnia, depression, paranoia, a fear of using public restrooms, and other injuries.

## REQUESTED ACTION

Pursuant to Labor Code § 2699.3(A)(2), which provides that "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 269," notice of your intended action of inaction is respectfully requested.

Very truly yours,

Joshua C. Ezrin
Mariana S. Cole

California Labor & Workforce Development Agency
July 28, 2011
Page 3

cc:

(via Certified Mail)      Susan L. Germaise
                         McGuire Woods
                         1800 Century Park East
                         8th Floor
                         Los Angeles, CA  90067

(via Email)              Alisha Elam