UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYSTAL ANTONELLI, ET AL., | Case No.: 11-CV-03874-LHK (PSG) |
| Plaintiffs, | **ORDER DENYING DEFENDANT THE FINISH LINE, INC.'S MOTION TO SHORTEN TIME** |
| v. | |
| THE FINISH LINE, INC., ET AL. | **(Re: Docket No. 45)** |
| Defendants. | |

Defendant The Finish Line, Inc. ("Finish Line") moves to shorten time on its motion to stay discovery. Plaintiffs Crystal Antonelli, Anny Chi, Alisha Elam, Analynn Foronda and Karen Lopez (collectively "Plaintiffs") oppose the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission without oral argument. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Finish Line's motion to shorten time is DENIED.

Judge Davila denied Finish Line's motion to compel arbitration[1] and Finish Line now appeals that decision to the Ninth Circuit.[2] While the appeal is pending, Finish Line requests that the court stay discovery. Because the deposition of David Meyer ("Meyer") is scheduled to be held

---

[1] *See* Docket No. 33.

[2] *See* Docket No. 39.

Case No.: C 11-01632 LHK (PSG)
ORDER

1

on March 21, 2012 and responses to written discovery are due on March 26, 2012, Finish Line argues that it will be substantially harmed or prejudiced if it must proceed with discovery before the motion to stay discovery is heard on April 17, 2012.

Plaintiffs respond that not only is Finish Line's motion to shorten time procedurally deficient but Finish Line has failed to show any substantial harm or prejudice. Plaintiffs point out that under *Britton v. Co-op Banking Group,*[3] the Ninth Circuit held that the district court retains jurisdiction pending an appeal of an order denying a motion to compel arbitration. Plaintiffs also point out that the Meyer deposition and the written discovery are narrowly tailored and relevant regardless of whether the case is adjudicated here or in an arbitration. Plaintiffs note that in fact, they are prejudiced if their opportunity to respond to Finish Line's motion to stay discovery is significantly reduced and a hearing is held on March 20, 2012, as Finish Line has requested.

The court agrees with Plaintiffs. Finish Line's only justification for the court to shorten time on its motion to stay discovery is that the Meyer deposition has been noticed for March 21, 2012 and responses to written discovery are due on March 26, 20012. Meyer is a defendant in the case and as Plaintiffs point out, his deposition is relevant regardless of whether the case proceeds in arbitration or in court and at this juncture the written discovery is limited to ten interrogatories, seven document requests, seven requests for admission and a Rule 30(b)(6) notice. Finish Line has not shown the substantial harm or prejudice it would face if the above discovery proceeded before the regularly-noticed hearing on the motion to stay discovery is held on April 17, 2012.

**IT IS SO ORDERED.**

Dated: 3/15/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[3] 916 F.2d 1405, 1412 (9th Cir. 1990).

2

Case No.: C 11-01632 LHK (PSG)
ORDER