UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYSTAL ANTONELLI, ANNY CHI, ALISHA ELAM, ANALYNN FORONDA AND KAREN LOPEZ,<br><br>    Plaintiffs,<br>v.<br>THE FINISH LINE, INC., ET AL.,<br><br>    Defendants. | Case No.: 11-CV-03874-EJD (PSG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>**(Re: Docket No. 44)** |

Defendant The Finish Line, Inc. ("TFL") moves to stay discovery pending a decision by the presiding judge on its motion to stay the proceedings pending appeal. Plaintiffs Crystal Antonelli, Anny Chi, Alisha Elam, Analynn Foronda, and Karen Lopez (collectively "Plaintiffs") oppose the motion. On May 1, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that TFL's motion to stay discovery is DENIED.

On February 16, 2012, the presiding judge denied TFL's motion to compel arbitration[1] and separately, issued a case management order.[2] According to the case management order, fact

---

[1] *See* Docket No. 33.

[2] *See* Docket No. 35.

Case No.: C 11-03874 EJD (PSG)
ORDER

1

discovery closes on September 29, 2012.[3] On March 7, 2012, TFL filed a notice of appeal to the Ninth Circuit.[4] According to the Time Schedule Order issued by the Ninth Circuit, briefing by the parties will not be completed until at least July 16, 2012.[5] On March 8, 2012, TFL moved to stay the proceedings pending a decision on the appeal.[6] After TFL was not able to obtain a hearing before the presiding judge until June 29, 2012, it elected not to move for a hearing on shortened time and to proceed instead with the instant motion.[7]

TFL contends that discovery should be stayed pending a decision by the presiding judge on the motion to stay the proceedings because it will be substantially harmed or prejudiced if it is forced to bear the burden and to incur the costs associated with proceeding with discovery beforehand. TFL explains that arbitration and the streamlined procedures that govern discovery there exist so that the parties can avoid litigation in court.

Plaintiffs respond that TFL's effort to stay discovery is a "petty and unnecessarily adversarial attempt to delay the fair and efficient administration of this matter." They note that the discovery served to date is narrowly tailored and relevant regardless of whether the case is adjudicated here or in arbitration. It includes, or has included, only the following: (1) the deposition of Defendant David Meyer ("Meyer"); (2) ten interrogatories; (3) seven document requests; (4) seven requests for admission; and (5) a Rule 30(b)(6) notice.[8]

---

[3] *See id.*

[4] *See* Docket No. 39.

[5] *See* Docket No. 41.

[6] *See* Docket No. 40.

[7] Along with the motion to stay discovery, TFL also moved for shortened time in light of a deposition of Defendant David Meyer scheduled to be held on March 21, 2012 and responses to written discovery due on March 26, 2012. *See* Docket No. 45. The undersigned denied TFL's motion to shorten time on the grounds that TFL had not shown the substantial harm or prejudice TFL would face if the discovery proceeded before the regularly-noticed hearing date. *See* Docket No. 49.

[8] Meyer was deposed on March 21, 2012.

The court is not persuaded that all discovery must cease, as TFL urges. As Plaintiffs previously pointed out, under *Britton v. Co-op Banking Group*,[9] the Ninth Circuit held that the district court retains jurisdiction pending an appeal of an order denying a motion to compel arbitration. Aside from unspecified costs that TFL would incur in responding to the narrow set of discovery described above, TFL has not shown substantial harm or prejudice.[10] It appears that much of this discovery would occur even under the streamlined discovery procedures of arbitration. Even if that were not the case, a stay of discovery by the undersigned would not be appropriate for the following reason. The standard to be evaluated by the presiding judge is whether TFL has presented a "substantial question" that warrants a complete stay pending appeal.[11] Under the rule urged by TFL, a defendant could secure at least a temporary stay from the referral judge by demonstrating a "substantial question" about the "substantial question" before the presiding judge. Nothing in *Britton* or any other precedent from the Circuit suggests that a district court undertake such an iterative redundancy.

**IT IS SO ORDERED.**

Dated: 5/1/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[9] 916 F.2d 1405, 1412 (9th Cir. 1990).

[10] At the hearing, TFL conceded that in light of the fact that Plaintiffs have not served any additional discovery since the undersigned ruled on TFL's motion to shorten time, the instant motion may not be ripe.

[11] *See Britton,* 916 F.2d at 1412.

3

Case No.: C 11-03874 EJD (PSG)
ORDER