United States District Court
For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10  CRYSTAL ANTONELLI, et. al.,              CASE NO. 5:11-cv-03874 EJD

11                                           **ORDER GRANTING DEFENDANT'S**
                                             **MOTION TO STAY PROCEEDINGS**
12           Plaintiff(s),
        v.
13  FINISH LINE, INC.,
                                             [Docket Item No(s). 40]
14
             Defendant(s).
15  _____/

16                      **I.  INTRODUCTION**

17      Plaintiffs Crystal Antonelli, Anny Chi, Alisha Elam, Analynn Foronda, and Karen Lopez

18  (collectively, "Plaintiffs") filed the instant action for damages against their former employer, Finish

19  Line, Inc. (herein, "Defendant"), as well as their former manager David Meyer.  In response,

20  Defendant moved to compel arbitration based on Defendant's Employee Dispute Resolution Plan

21  (the "DRP"), which requires that all employment-related disputes be submitted to arbitration.  In an

22  Order filed February 16, 2012, this court declined to enforce the DRP based on a finding that the

23  agreement was unconscionable.  See Order, Docket item No. 33.  Defendant appealed from that

24  decision (see Not. of Appeal, Docket Item No. 39), and now moves the court for an order staying

25  this action pending a determination by the Ninth Circuit Court of Appeals.  See Docket Item No. 40.

26      Plaintiffs oppose Defendant's request.  The court has carefully reviewed the relevant

27  materials filed by the parties and finds this matter suitable for decision without oral argument

28  pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for June 29, 2012, will be

                                    1

1    vacated and, for the reasons stated below, Defendant's motion will be granted.

2                              **II.    DISCUSSION**

3            As both parties recognize, whether to grant a stay of litigation pending appeal in this Circuit

4    depends on a discretionary analysis of four factors: "(1) whether the stay applicant has made a

5    strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

6    irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

7    parties interested in the proceeding; and (4) where the public interest lies." <u>Leiva-Perez v. Holder</u>,

8    640 F.3d 962, 964 (2011) (quoting <u>Nken v. Holder</u>, 556 U.S. 418, 434 (2009)).

9            The Ninth Circuit has held that these four factors should be examined on a flexible

10   "continuum," which is "essentially the same as the 'sliding scale' approach" applied to requests for

11   preliminary injunctions.  <u>Id.</u> at 964-66.  Under this approach, "the elements . . . are balanced, so that

12   a stronger showing of one element may offset a weaker showing of another."  <u>Id.</u> at 964.

13           With this standard in mind, the court now examines the factors as they apply to this case.

14       **A.     Success on the Merits**

15           For this factor, "in order to justify a stay, a petitioner must show, at a minimum, that she has

16   a substantial case for relief on the merits."  <u>Id.</u> at 968.  This does not require the petitioner to show

17   that "it is more likely than not that they will win on the merits," but only that success is a

18   "reasonable probability," or a "fair prospect," or that "serious legal questions are raised."  <u>Id.</u> at 967-

19   68 (citing <u>Hollingsworth v. Perry</u>, 130 S. Ct. 705, 710 (2010); <u>Hilton v. Braunskill</u>, 481 U.S. 770,

20   778 (1987); <u>Abbassi v. INS</u>, 143 F.3d 513, 514 (9th Cir. 1998)).

21           Defendant has met this burden.  In particular, whether the unconscionability analysis

22   designated by the California Supreme Court in <u>Armendariz v. Foundation Health Psychcare</u>

23   <u>Services, Inc.</u>, 24 Cal. 4th 83 (2000), remains a viable one in light of the United States Supreme

24   Court's opinion <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740 (2011) is, indeed, a "serious

25   legal question."  This court determined that <u>Concepcion</u> did not displace traditional contract

26   theories, including unconscionability, as grounds available for the invalidation of an arbitration

27   agreement, citing a portion of <u>Concepcion</u> itself.  <u>See</u> Order, at p. 6 n. 2 ("<u>Concepcion</u> is a case

28   involving class-action waivers in arbitration agreements . . . . the court specifically acknowledged

United States District Court
For the Northern District of California

2

United States District Court

For the Northern District of California

that the doctrine of unconscionability remains an operative basis for invalidating arbitration agreements under the express language of the [Federal Arbitration Act ('FAA')].").  But other courts in this Circuit have suggested otherwise, although have expressly avoided deciding the question directly.  See, e.g., Ruhe v. Masimo Corp., No. SACV 11-00734-CJC(JCGx), 2011 U.S. Dist. LEXIS 104811, at *4-5, 2011 WL 4442790 (C.D. Cal. Sept. 16, 2011); see also Burnett v. Macy's West Stores, Inc., No. 1:11-cv-01277 LJO SMS, 2011 U.S. Dist. LEXIS 116479, at *11 n.3, 2011 WL 4770614 (E.D. Cal. Oct. 7, 2011); see also Oguejiofor v. Nissan, No. C-11-0544 EMC, 2011 U.S. Dist. LEXIS 99180, 2011 WL 3879482 at *3 (N.D. Cal. Sept. 2, 2011); see also Beard v. Santander Consumer USA, Inc., No. 1:11-cv-11-1815 LJO-BAM, 2012 U.S. Dist. LEXIS 53882, at *27-28, 2012 WL 1292576 (E.D. Cal. Apr. 16, 2012) ("The general Armendariz rule has been criticized following the Supreme Court's ruling in Concepcion.").  As this court sees it, the "serious legal question" at issue was aptly framed by one of this court's contemporaries in Ruhe:

> Plaintiffs first assert that the arbitration agreement is invalid because it fails to meet one of the requirements for mandatory, employer-drafted arbitration agreements under California law . . . . The parties dispute whether Armendariz merely creates a test for the general contract doctrine of unconscionability, or provides a separate set of 'requirements that a mandatory employer-drafted arbitration agreement must meet when an employee asserts claims based on unwaivable public rights.'  If Armendariz does the latter, such a requirement would appear to be preempted by the FAA under the Supreme Court's reasoning in Concepcion.

2011 U.S. Dist. LEXIS 104811, at *4-5.

The resulting split of district court authority surrounding this question demonstrates that it is not "clear cut," and direction from the appellate court would certainly "materially advance the ultimate termination of this litigation."  Richard v. Ernst & Young LLP, No. C-08-04988 RMW, 2012 U.S. Dist LEXIS 3523, at *4, 2012 WL 92738 (N.D. Cal. Jan. 11, 2012); In re Apple & AT&TM Antitrust Litig., No. C 07-05125 JW, 2012 U.S. Dist. LEXIS 16505, at *21 n. 27, 2012 WL 293703 (N.D. Cal. Feb. 1, 2012).  This factor, therefore, weighs in favor of granting the stay.[1]

---

[1]  It is also worth noting that the Seventh Circuit Court of Appeal has previously affirmed a district court order compelling arbitration under the same agreement at issue in this case.  See Baumann v. Finish Line, Inc., 421 Fed. Appx. 632 (7th Cir. 2011).  Although Circuit Courts can often disagree, this development at least raises a "reasonable probability" or a "fair prospect" that Defendant's appeal will be successful.

3

**United States District Court**
For the Northern District of California

**B.     Irreparable Injury**

Defendant argues that, without a stay, it will suffer irreparable harm in the form of "the trouble and costs of responding to the complaint and thereafter participating in what is likely to be a contentious and burdensome discovery." In addition, relying on <u>Alascom, Inc. v. ITT N. Elec. Co.</u>, 727 F.2d 1419, 1422 (9th Cir. 1984), Defendant contends it will be forever "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes," even if arbitration is subsequently compelled.

Plaintiffs disagree with Defendant's articulation of irreparable injury in the form of litigation costs. For their part, Plaintiffs point out the likelihood that discovery in litigation and discovery in arbitration would be seemingly identical, considering the DRP requires discovery in arbitration be conducted according to the Federal Rules of Civil Procedure. Based on this, Plaintiffs conclude that Defendants will incur no greater cost should the stay be denied.

Plaintiffs' argument is well-taken as it cannot be ignored that the DRP allows for discovery to the fullest extent allowed by the rules applicable in litigation. This necessarily lessens the impact of any cost-based injury, since Defendant would potentially incur the same expenses in either forum. At the same time, however, there is "no categorical rule that time and money spent in litigation can never constitute an irreparable harm." <u>Richards</u>, 2012 U.S. Dist LEXIS 3523, at *7. The actual weight to be prescribed to this type of harm depends on the context in which it appears - "the specific circumstances of each case." <u>See</u> <u>id</u>.

The current procedural posture of this case reveals that Defendant will lose some of the theoretical cost advantages inherent to the more-streamlined arbitration process without a stay. Although the parties have engaged in some fact discovery, the current scheduling order allows for discovery to continue until September 29, 2012. Moreover, the court has heard only one motion in this case; the time for filing additional motions does not expire until October 26, 2012. With this amount of time remaining, it is unlikely that either party has made significant trial preparations, and the rather onerous burdens imposed on Defendant in preparing for dispositive motions and a subsequent jury trial would be avoided if the decision on appeal is favorable to Defendant. The court therefore finds that irreparable injury to Defendant would ensue should this case continue at

4

1   this point; a finding which favors Defendant's abatement request.

2         **C.**      **Injury to Other Parties**

3         Plaintiffs argue the delay resulting from a stay of this case would cause them substantial

4   prejudice because it may "affect the availability of witnesses and documents and the quality of

5   testimony." <u>SEC v. Alexander</u>, 2010 U.S. Dist. LEXIS 138547, at *13, 2010 WL 5388000 (N.D.

6   Cal. Dec. 22, 2010).  Plaintiffs also believe that the delay "would have the unavoidable effect of

7   further dragging out a highly painful and provide matter."

8         Plaintiffs' reliance on general delay is insufficient to demonstrate a substantial injury or

9   prejudice.  As this court has previously observed in a distinct but related context, "[w]hether good or

10  bad, delay is an unavoidable consequence to any stay, and numerous courts have determined that a

11  general claim of delay is not enough on its own to constitute undue prejudice." <u>Convergence Techs.</u>

12  <u>(USA), LLC v. Microloops Corp.</u>, No. 5:10-cv-02051 EJD, 2012 U.S. Dist. LEXIS 51794, at *7,

13  2012 WL 1232187 (N.D. Cal. Apr. 12. 2012).  Here, other than providing a string of case cites,

14  Plaintiffs have not connected their protestation of prejudicial delay to a specific witness or a specific

15  collection of documents that would become unavailable during a period of inactivity.  That is fatal to

16  their argument.

17        In addition, the court is not convinced the risk of "dragging out" this action constitutes the

18  type of injury significant enough to preclude imposition of a stay.  Again, Plaintiffs have not

19  identified anything specific to support this contention.  Moreover, Plaintiffs' choice to bring this

20  litigation has necessarily exposed them to its attendant procedures, including the possibility of an

21  interlocutory appeal.  There is nothing unusual about these Plaintiffs or this case which would cause

22  the court to find that the normal litigation process works as a prejudice to Plaintiffs.  Thus,

23  Plaintiffs' concerns weigh only slightly against a stay.

24        **D.**      **Public Interest**

25        With regard to the final factor, Defendants believe that staying this action would promote the

26  policy favoring judicial efficiency and economy and serve the public's interest in preserving

27  arbitration as a "prompt, economical and adequate method of dispute resolution." <u>A.G. Edwards &</u>

28  <u>Sons, Inc. v. McCollough</u>, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (internal quotations omitted).  In

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

1    contrast, Plaintiffs contend a stay is inappropriate here because it runs afoul of the policy favoring

2    the efficient resolution of cases.

3           Although the policies cited by Plaintiffs and Defendant are equally important, "[c]ourts

4    considering public interest issues similar to those in this case have found that the federal policy

5    favoring arbitration embodied in the FAA and the economical use of judicial resources lead the

6    public interest to favor a stay, even when other interests are at play." Richards, 2012 U.S. Dist

7    LEXIS 3523, at *12 (citing Winig v. Cingular Wireless LLC, 2006 U.S. Dist. LEXIS 83116, at *9-

8    10, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006); Del Rio v. CreditAnswers, LLC, 2010 U.S. Dist.

9    LEXIS 89181, at *12-13, 2010 WL 3418430 (S.D. Cal. Aug. 26, 2010)).  Courts finding that the

10   public interest weighs against a stay do so when the appellant has failed to satisfy the "likelihood of

11   success" factor.  See id.  In this case, Defendant has satisfied that element.  That fact coupled with

12   the policy favoring arbitration compels the finding that the public interest supports Defendant.

13          In sum, three of the four factors weigh in favor of a stay, and do so in such as way as to

14   overcome the one factor which only slights disfavors Defendant's request.  Accordingly,

15   Defendant's motion should be granted.

16                              **III.   ORDER**

17          Based on the foregoing, Defendant's Motion to Stay the Proceedings (Docket Item No. 40) is

18   GRANTED.  This case is hereby STAYED pending resolution of Defendant's appeal of the Order

19   denying the motion to compel arbitration, or until further order of this court, whichever occurs first.

20   Within ten days of any disposition of Defendant's appeal, either party may petition the court to

21   dissolve the stay by filing an appropriate request.

22          The hearing scheduled for June 29, 2012, is VACATED.

23   **IT IS SO ORDERED.**

24

25   Dated:  June 27, 2012

26                                             EDWARD J. DAVILA
                                               United States District Judge

27

28

                                               6

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS