United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CRYSTAL ANTONELLI, et. al.,

Plaintiff(s),

v.

DAVID MEYER,

Defendant(s).
_________________________________/

CASE NO. 5:11-cv-03874 EJD

**ORDER FOR FURTHER BRIEFING**

Pending before the court is a "prove up" motion filed by Plaintiffs Crystal Antonelli, Anny Chi, Alisha Elam, Analynn Foronda, and Karen Lopez (collectively, "Plaintiffs"), the purpose of which is to determine the appropriate types and amounts of damages that are awardable against Defendant David Meyer ("Defendant") after the court granted a Motion for Judgment on the Pleadings against him. See Docket Item No. 69.

As part of their damages request, Plaintiffs seek an award of attorney's fees and costs under California's Private Attorney General Act ("PAGA"), California Labor Code § 2699(g), and argue they are entitled to such an award because they prevailed on a cause of action under Labor Code § 435(a) against Meyer. According to its plain language, that section only prohibits certain conduct by an *employer*. Cal. Lab. Code § 435(a) ("No employer may cause an audio or video recording to be made of an employee in a restroom, locker room, or room designated by an employer for changing clothes, unless authorized by court order."). Plaintiffs, however, have not alleged that Meyer was their employer, but was instead their manager and supervisor. See Compl., Docket Item

United States District Court
For the Northern District of California

No. 1, at ¶ 11 ("Plaintiffs, at all relevant times, were managed and supervised by Defendant Meyer at the aforementioned Finish Line retail store located in Milpitas, California."). Nor did Plaintiffs identify Meyer as an employer in the requisite pre-suit notice provided to the Labor and Workforce Development Agency ("LWDA") pursuant to Labor Code § 2699.3. See id., at Exs. C, D (identifying Finish Line, Inc. as Plaintiffs' "employer.").

Accordingly, on or before **January 31, 2014**, Plaintiffs shall file an additional brief, not exceeding 10 pages, which discusses the following questions:

(1) Does Meyer qualify as an "employer" for the purposes of liability under Labor Code § 435(a) and, if so, why?

(2) Does the fact that Plaintiffs failed to identify Meyer as an "employer" in their pre-suit notice to the LWDA preclude Plaintiffs from pursuing an action against him under Labor Code § 435(a)?[1]

**IT IS SO ORDERED.**

Dated: January 22, 2014



EDWARD J. DAVILA
United States District Judge

---

[1] As a point of direction, Plaintiffs should answer these questions without relying solely on the order granting the Motion for Judgment on the Pleadings since that order can always be modified if a portion of it was entered in error. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (recognizing that until a final order is entered, the district court has "inherent jurisdiction to modify, alter, or revoke it.").