1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CRYSTAL ANTONELLI, et. al.

Plaintiff(s),

v.

DAVID MEYER,

Defendant(s).

/

CASE NO. 5:11-cv-03874 EJD

**ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES**

[Docket Item No(s). 69]

## I.   BACKGROUND

This personal injury case presents rather unique factual circumstances.  Former defendant Finish Line, Inc. ("Finish Line") is a retailer of athletic apparel and accessories operating 660 stores across the United States.  Plaintiffs Crystal Antonelli, Anny Chi, Alisha Elam, Analynn Foronda, and Karen Lopez (collectively, "Plaintiffs") are former employees of Finish Line's store located at the Great Mall in Milpitas, California.  Between December, 2009, and April, 2010, the manager of the Milpitas store, Defendant David Meyer ("Meyer"), placed a concealed camera in the employee restroom and general dressing room in order to create surreptitious video recordings.  Plaintiffs were among the individuals secretly-recorded while utilizing the restroom and dressing room, in various states of undress.

On August 8, 2011, Plaintiffs filed the Complaint underlying this action against Finish Line and Meyer for: (1) violation of the Article I, Section 1 of the California Constitution, (2) violation of

1

California Civil Code § 1708.8, (3) violation of California Labor Code § 435(a), (4) invasion of privacy, (5) negligence, (6) negligent supervision, (7) intentional infliction of emotional distress, (8) negligent infliction of emotional distress, and (9) declaratory and injunctive relief.  In addition to monetary damages, Plaintiffs sought penalties under California's Labor Code Private Attorneys General Act ("PAGA"), California Labor Code § 2698 et. seq., and attorney's fees pursuant to PAGA and California Code of Civil Procedure § 1021.5.

Finish Line moved to compel arbitration on the claims asserted against it based on the written dispute resolution plan signed by Plaintiffs.  After the court denied that motion, the parties eventually agreed to arbitration with certain modifications.  Plaintiffs and Finish Line arbitrated their claims before Retired Superior Court Judge James Emerson on April 16th and April 17, 2013.  Judge Emerson found in favor of Finish Line on all causes of action.  Judgment was entered accordingly in this case on June 21, 2013.

With Finish Line out of the case, all that remained were Plaintiffs' claims against Meyer personally.  In order to advance these claims, Plaintiffs filed a Motion for Judgment on the Pleadings, which the court granted without opposition on September 9, 2013.  Meyer's liability has therefore been established, and the court must now determine the amount recoverable by Plaintiffs based on the evidence submitted with the instant motion.

## II.   DISCUSSION

Plaintiffs seek four types of damages: (1) past and future emotional distress, (2) past and future economic damages, (3) treble damages, and (4) attorney's fees and costs.  The following chart summarizes their individual emotional distress and economic damages requests:

| Plaintiff | Emotional Distress (Past/Future) | | Economic Damages (Past/Future)[1] | |
|---|---|---|---|---|
| Crystal Antonelli | $225,000 | $225,000 | $2,045 | $31,531 |
| Anny Chi | $250,000 | $250,000 | $6,572 | $52,379 |

[1] The amounts for past and future economic damages are comprised of therapy expenses and the mileage costs to attend therapy.

2

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES

United States District Court

For the Northern District of California

| Alisa Elam | $250,000 | $250,000 | $2,992 | $42,210 |
| Annalyn Foronda | $200,000 | $200,000 | $623 | $31,573 |
| Karen Lopez | $250,000 | $250,000 | $4,784 | $53,049 |

Each category of damages is discussed below.

**A.    Emotional Distress**

"Emotional distress" damages may be awarded for all highly unpleasant mental reactions, including fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, as well as physical pain.  See Thing v. La Chusa, 48 Cal. 3d 644, 648-49 (1989).  "[T]here is no fixed or absolute standard by which to compute the monetary value of emotional distress," and a "jury [or here, the court] is entrusted with vast discretion in determining the amount of damages to be awarded."  Plotnik v. Meihaus, 208 Cal. App. 4th 1590, 1602 (2012) (internal citations and quotations omitted).  The standard jury instructions on this issue are particularly instructive:

> No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.
>
> To recover for future emotional distress, plaintiff must provide that she is reasonably certain to suffer that harm.
>
> For future emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate plaintiff for future emotional distress.

Judicial Council of California Jury Instruction No. 3905A (2013).

Here, the conduct attributed to Meyer is particularly disturbing and egregious, and it is therefore understandable why Plaintiffs have suffered emotional distress from their experiences. That being said, the court finds that Plaintiffs' estimations of their past emotional distress damages to be reasonable and will award those amounts.

Plaintiffs' request for future emotional distress damages presents a more complex question, however.  As indicated in the relevant jury instruction, "[t]o entitle a plaintiff to recover present damages for apprehended future consequences, there must be evidence to show such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES

**United States District Court**
For the Northern District of California

original injury." <u>Bellman v. San Francisco High School Dist.</u>, 11 Cal. 2d 576, 588 (1938).  Here, the chart above reveals that Plaintiffs are each seeking the same amount of damages for both past and future emotional distress damages.  But while the gravity of their experiences might justify the amount of past damages requested, a "common sense" approach to future damages would dictate that the amount of damages attributable to Plaintiffs' ongoing emotional distress will decrease over time as Plaintiffs move on in their lives.  Indeed, the depositions show that Plaintiffs are already experiencing less and less adverse symptoms as time goes on.  For example, Plaintiff Antonelli testified that her anxiety has lessened over time.  <u>See</u> Dep. of Crystal Antonelli, Docket Item No. 73, at 48:2-8.  Similarly, Plaintiff Chi testified that her nightmares related to the experience have lessened.  <u>See</u> Dep. of Anny Chi, Docket Item No. 76, at 47:4-5.  Planitiff Foronda agreed with the statement: "Would you say that with the passage of time, you're feeling a little bit better?"  <u>See</u> Dep. of Analynn Foronda, Docket Item No. 77, at 71:11-14.  And Plaintiff Lopez stated that she can now use public restrooms alone, whereas she was fearful of doing so before.  <u>See</u> Dep. of Karen Lopez, Docket Item No. 79, at 55:23-56:6.

Thus, while the evidence presented shows that Plaintiffs will continue to experience some degree of emotional distress as a result of Meyer's conduct, it also shows that the passage of time has and will continue to ameliorate the effects of this distress.  Accordingly, the court finds that each Plaintiff is entitled to $100,000 for future emotional distress damages.

**B.    Economic Damages**

Plaintiffs' economic damages consist solely of expenses related to therapy, or in other words, medical expenses.  A personal injury plaintiff may recover the reasonable value of all medical expenses that have been incurred, and that are reasonably certain to be incurred in the future, as a result of the injury.  <u>Howell v. Hamilton Meats & Provisions, Inc.</u>, 52 Cal. 4th 541, 551 (2011).

The amount of Plaintiffs' past medical expenses appear reasonable and are easily verified by the bills submitted in support of this motion.  Thus, Plaintiffs will be awarded those amounts as part of the judgment.

But much like future emotional distress damages, the amounts requested for future therapy

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES

United States District Court
For the Northern District of California

expenses is not so straightforward.  As indicated, future medical expenses must be "reasonably certain;" a "probable" need for future medical care is not enough.  See Ostertag v. Bethlehem Shipbuidling Corp., 65 Cal. App. 2d 795, 807 (1944).  Here, Plaintiffs' medical expert, Diana Sullivan Everstine, Ph.D., made two important statements during her deposition:

- • Dr. Everstine testified that "you can't predict the future" and that "people who tend to come from a blue collar background, come from a family that's not sophisticated or understanding therapy, are going to come in situationally.  So they may come in for two or three visits, they may come in for six visits, they may come in for one visit."  See Dep. of Diana Sullivan Everstine, Ph.D, Docket Item No. 72, at 60:15-22.

- • She further testified that an appropriate therapy "bank" for Plaintiff Antonelli is two to three years, and for the other plaintiffs is "somewhere between two and five years."  Id. at 68:23-69:4.

Taking into consideration Dr. Everstine's testimony, and in light of each Plaintiffs' past record of participation in therapy,[2] it is apparent that Plaintiffs have overestimated the amount of therapy that can be considered "reasonably certain."  The Personal Injury-Economic Impact Report ("EIR") submitted by Plaintiffs to support their estimations of future medical care assumes 50 sessions per year for a period of 3 to 5 years.  But while some number of years each Plaintiff may need therapy is supported by expert testimony, the number of sessions per year is not supported by any evidence.  It is more likely that Plaintiffs will do as Dr. Everstine said and seek out therapy on a situational basis rather than on a consistent basis each year.

Accordingly, the court awards each Plaintiff future therapy expenses of $14,000, which represents a bank of 10 therapy sessions at $200 per session for the remainder of 2013 ($2,000), and 20 therapy sessions per year for a period of three years thereafter ($12,000).  In addition, Plaintiffs will receive amounts for mileage expenses which correspond to an additional three years of therapy

---

[2] The medical bills reveal that for 2012, Plaintiff Antonelli attended 10 sessions, Plaintiff Chi attended 29 sessions, Plaintiff Elam attended 13 sessions, Plaintiff Foronda attended 3 sessions and Plaintiff Lopez attended 20 sessions.

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES

1   pursuant to the amounts described in the Economic Impact Report.[3]

2   **C.      Treble Damages**

3   Plaintiffs seek to have damages trebled pursuant to subjection (d) of Civil Code § 1708.8,

4   which provides for "up to three times the amount of any general and special damages that are

5   proximately caused by the violation."

6   Although the treble damages provision of § 1708.8 has not extensively interpreted, its

7   language indicates that the decision to treble damages is a discretionary one.  Using the statute's

8   legislative history as a guide - which clarifies that it was enacted to provide "a real deterrent, in the

9   form of monetary damages," against "aggressive and often dangerous paparazzi-like behavior" - the

10  court does not believe that the trebling of damages are appropriate here.  Invasion of Privacy:

11  Damages: Hearing on S.B. 262 Before the Assemb. Comm. on Judiciary, 1997-98 Leg. Sess. (Cal.

12  July 28, 1998); see also Richardson-Tunnell v. Schs. Ins. Program for Emps. (SIPE), 157 Cal. App.

13  4th 1056, 1063 (2006) (noting that § 1708.8 "was enacted . . . to protect against the 'aggressive and

14  often dangerous paparazzi-like behavior' of tabloid journalists.").  Indeed, it is not alleged that

15  Meyer was seeking to profit from the recordings, and he will be sufficiently deterred from future

16  similar conduct by the sizable damages award he will be facing as a result of this order.  The request

17  for treble damages will therefore be denied.

18  **D.      Attorney's Fees and Costs**

19  Finally, Plaintiffs seek an award of attorney's fees and costs as "prevailing employees" under

20  California's Private Attorney General Act ("PAGA"), California Labor Code § 2699(g).  Plaintiffs

21  argue for such an award because their Motion for Judgment on the Pleadings was granted as to the

22  cause of action under Labor Code § 435(a) against Meyer.  Upon closer inspection, however, the

23  court finds that judgment against Meyer on the § 435(a) claim is improper.  Thus, for the reasons

24  explained below, Plaintiffs are not entitled to an award of fees and costs under PAGA.

25  Looking at Labor Code § 435(a), that statute imposes liability on *employers* for causing "an

26

27  [3] Since the future mileage expenses assume 50 visits per year, the court used the total future
    amount estimated for a complete year of therapy, divided it by 50, and then multiplied the result by

28  the number of future visits awarded.

6

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF
DAMAGES

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   audio or video recording to be made of an employee in a restroom, locker room, or room designated

2   by an employer for changing clothes, unless authorized by court order." Cal. Lab. Code § 435(a)

3   (emphasis added). Thus, as § 435(a) plainly requires, Meyer must have been Plaintiffs' "employer"

4   in order to be found liable for his conduct under that particular statute. But while the statute's

5   language may seem explicit, determining who may actually qualify as an "employer" in this context

6   is not a simple matter. Indeed, a definition of the word as it is used in § 435(a) cannot be gleaned

7   from either the statute or from the Labor Code generally. Moreover, § 435(a) has not been subjected

8   to interpretation by state or federal courts. As a result, the use of "employer" as a predicate to

9   liability creates an ambiguity. At odds are two possible definitions: a common law understanding of

10  "employer," which would exclude supervisors like Meyer, and a more expansive construction,

11  which Plaintiffs believe should be applied here. Compare Reynolds v. Bement, 36 Cal. 4th 1075,

12  1087 (2005) (noting that individual corporate agents and supervisors do not fall within the common

13  law definition of employer) with Martinez v. Combs, 49 Cal. 4th 35, 52 (holding that, for actions

14  under recover unpaid minimum wages under Labor Code § 1194, the employment relationship may

15  be defined by Industrial Welfare Commission Wage Order No. 14, which defines employer as "any

16  person . . . who directly or indirectly, or through an agent or any other person, employs or exercises

17  control over the wages, hours, or working conditions of any person.").

18      As with any statute, § 435(a) must be interpreted "to determine the Legislature's intent so as

19  to effectuate the law's purpose." People v. Murphy, 25 Cal. 4th 136, 142 (2001). To that end, the

20  court "may look to extrinsic aids, including the ostensible objects to be achieved and the legislative

21  history" when, as here, the statute supports more than one reasonable construction. L.A. Cnty.

22  Metro. Transp. Auth. v. Alameda Produce Mkt., LLC, 52 Cal. 4th 1100, 1107 (2011).

23      The relevant legislative history is not particularly revealing. What it shows can be inferred

24  from the existence of the statute itself; that § 435 was enacted to clarify "privacy rights in the

25  workplace for both employers and employees" since court decisions had "left a definite gray area in

26  regards to employee surveillance." Hearing on A.B. 2303 Before the Assemb. Comm. on Labor &

27  Emp't, 1997-98 Leg. Sess. (Cal. Apr. 22, 1998). Since such surveillance was on the rise, the

28

7

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF
DAMAGES

United States District Court

For the Northern District of California

1  proponents of the statute felt that a "reasonable limitation" should be placed on it.  Hearing on A.B.

2  2303 Before the S. Comm. on Indus. Relations, 1997-98 Leg. Sess. (Cal. June 11, 1998).

3  Perhaps more revealing is what this legislative history does not show.  There is no indication

4  from this history that the Legislature meant to expand the common law definition of "employer" to

5  impose individual liability on supervisors and managers.  In that regard, § 435 is distinct from other

6  sections of the Labor Code addressing the payment of wages, such as § 1194, which the California

7  Supreme Court found "unmistakably" included the expanded definition of "employer" promulgated

8  by the Industrial Welfare Commission.  Martinez, 49 Cal. 4th at 52.  Moreover, the court is not

9  persuaded that an expansive definition of "employer" to include the unique scenario presented by

10 this case necessarily furthers the statutory purpose to prevent employee surveillance.

11 Thus, in the absence of a clear and unequivocal indication from the Legislature to suggest

12 otherwise, the court construes § 435(a) in light of the common law.  Doing so excludes Meyer from

13 liability under that statute.  Reynolds, 36 Cal. 4th at 1086-87.  Since the order granting Plaintiff's

14 Motion for Judgment on the Pleadings was in error as to that claim, it will be modified in the order

15 which follows.[4]  Plaintiffs' request for attorney's fees and costs under PAGA will be denied since it

16 is dependent on successful claim under § 435(a).[5]

## IV.   ORDER

18 Based on the foregoing, Plaintiffs' Motion for a Determination of Damages (Docket Item

19 No. 69) is GRANTED IN PART and DENIED IN PART.

20 Damages are awarded to Plaintiffs as follows:

21 1.      Plaintiff Antonelli is awarded $225,000 for past emotional distress, $100,000 for

---

[4] The court can still correct the prior order because a judgment has not yet been entered in this case as to Meyer.  See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (recognizing that until a final order is entered, the district court has "inherent jurisdiction to modify, alter, or revoke it.").

[5] Attorney's fees and costs pursuant Civil Procedure Code § 1021.5 are also inappropriate here because the court is not persuaded that this action "has resulted in the enforcement of an important right affecting the public interest" or that "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons," both of which must be established for an award under that section.  Cal. Civ. Proc. Code § 1021.5.

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES

United States District Court

For the Northern District of California

future emotional distress, $2,000 for past therapy expenses, $45 for past mileage expenses, $2,000 for 2013 future therapy expenses, $4,000 for each of 2014, 2015, and 2016 future therapy expenses, $79 for 2013 future mileage expenses, and $158 for each of 2014, 2015, and 2016 future mileage expenses.

2.      Plaintiff Chi is awarded $250,000 for past emotional distress, $100,000 for future emotional distress, $6,400 for past therapy expenses, $172 for past mileage expenses, $2,000 for 2013 future therapy expenses, $4,000 for each of 2014, 2015, and 2016 future therapy expenses, $56 for 2013 future mileage expenses, and $112 for each of 2014, 2015, and 2016 future mileage expenses.

3.      Plaintiff Elam is awarded $250,000 for past emotional distress, $100,000 for future emotional distress, $2,900 for past therapy expenses, $92 for past mileage expenses, $2,000 for 2013 future therapy expenses, $4,000 for each of 2014, 2015, and 2016 future therapy expenses, $80 for 2013 future mileage expenses, and $160 for each of 2014, 2015, and 2016 future mileage expenses.

4.      Plaintiff Foronda is awarded $200,000 for past emotional distress, $100,000 for future emotional distress, $600 for past therapy expenses, $23 for past mileage expenses, $2,000 for 2013 future therapy expenses, $4,000 for each of 2014, 2015, and 2016 future therapy expenses, $82 for 2013 future mileage expenses, and $164 for each of 2014, 2015, and 2016 future mileage expenses.

5.      Plaintiff Lopez is awarded $250,000 for past emotional distress, $100,000 for future emotional distress, $4,600 for past therapy expenses, $184 for past mileage expenses, $2,000 for 2013 future therapy expenses, $4,000 for each of 2014, 2015, and 2016 future therapy expenses, $83 for 2013 future mileage expenses, and $166 for each of 2014, 2015, and 2016 future mileage expenses.

The request for interest on the damages award at a rate of 7% per annum since August 8, 2011, is GRANTED.  The request to treble damages pursuant to Civil Code § 1708.8(d) is DENIED. The request for attorneys fees and costs pursuant to Labor Code § 2699(g) or Civil Procedure Code

9

§ 1021.5 is also DENIED.

The order entered on September 9, 2013, which granted Plaintiffs' Motion for Judgment on the Pleadings (Docket Item No. 68) is modified such that it is DENIED as to the claim under Labor Code § 435(a), but GRANTED as to all other claims.

On or before **October 10, 2014**, Plaintiffs shall submit a proposed judgment against Meyer that is consistent with this Order.  In doing so, Plaintiffs may apply discount rates to the amounts awarded for future therapy and future mileage expenses, as discussed in the EIR, and include those amounts in the judgment.

**IT IS SO ORDERED.**

Dated:  September 30, 2014



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-cv-03874 EJD
ORDER GRANTING AND PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DETERMINATION OF DAMAGES

United States District Court
For the Northern District of California